**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE MIGUEL BAIRES, | No. 13-73310 |
| Petitioner, | |
| v. | Agency No. A070-193-694 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 5, 2014[**]

Before:     HAWKINS, McKEOWN, and FRIEDLAND, Circuit Judges.

Jose Miguel Baires, a native and citizen of El Salvador, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008), and we deny in part and dismiss in part the petition for review.

Baires does not claim past persecution. Substantial evidence supports the BIA's determination that Baires failed to establish a fear of future persecution on account of a protected ground. *See Bolshakov v. INS*, 133 F.3d 1279, 1280-81 (9th Cir. 1998) (criminal acts bore no nexus to a protected ground); *see also Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) (the REAL ID Act "requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"). We reject Baires's contentions that the IJ failed to appropriately consider his evidence and claim. We also reject Baires's contention that the BIA erroneously treated his claim as arising in Guatemala because, despite one reference to Guatemala, the BIA's decision otherwise indicates it considered his claimed fear of harm in El Salvador by criminal elements in El Salvador. Thus, Baires's asylum and withholding of removal claims fail. *See Molina-Morales v. INS*, 237 F.3d 1048, 1052 (9th Cir. 2001).

Substantial evidence also supports the BIA's denial of Baires's CAT claim because he did not establish that it is more likely than not that he would be tortured by the government of El Salvador or with its consent or acquiescence. *See Silaya*,

13-73310

524 F.3d at 1073. We reject Baires's contentions that the IJ and BIA failed to consider his record evidence, including his testimony, and his contention that the BIA did not adequately explain its reasoning. Further, we reject Baires's contentions that the BIA violated due process by analyzing his CAT claim without the benefit of a country report. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on a due process claim).

Finally, we lack jurisdiction to consider Baires's due process and equal protection challenges because he failed to raise these claims to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**